P. S. BANNER ET AL. V. THE STATE.

No. 2275. Decided May 7, 1902.

**1.—Election—Making False Return.**

Under the provisions of article 156, Penal Code, in order to establish the false return of an election by the officers holding the same, there must be a return as provided by article 1743, Revised Statutes, and this return must be false and knowingly false.

**2.—Same.**

On a trial for making a false return of an election, although it is shown that there were erroneous entries on the poll lists and tally-lists which only were returned, this did not constitute false returns as specified in the civil statutes.

**3.—Same.**

A person can not be punished for doing a thing that he did not do, and if an accused has made no false returns of an election coming within the purview of the statute, he is not guilty of that offense.

Appeal from the County Court of Travis. Tried below before Hon. George Calhoun, County Judge.

Appeal from a conviction of making false returns of an election; penalty, a fine of $100 against each appellant.

The opinion sufficiently states the case.

*Moore & Moore,* for appellants.—Clearly, under the provisions of article 1743, Revised Statutes, the "returns" of an election is an entirely separate and distinct instrument from the poll and tally lists. It is the instrument that the statute requires to be made out in triplicate, signed by each one of the managers of the election in his official capacity and certified to, and which shows two and only two things, viz., the whole number of votes polled at the box, and the number of votes polled for each candidate.

The statute says the "returns" when so made shall be sent up "together with" the poll lists and tally lists, clearly showing that the intention of the Legislature was to make the poll and tally lists no part of the "returns."

If they constitute the returns or any part thereof, then the words "together with" are superfluous and misleading. Under article 1757 of the Revised Statutes of 1895, the county judge is required to make duplicate returns of elections and nothing is said of any poll and tally lists; that is to say, the poll and tally list is not regarded as a part of the "returns." There is no statement on the poll list nor on the tally list. They are merely the evidences of the clerical work done. But when it comes to making the official returns of the election, the law requires that all of the managers of the election shall take responsibility and speak officially. How? By making out a certificate and signing the same with their names in their official capacity. And this paper, made three times, constitutes the "returns." A false statement in the returns, and over the signatures of the managers, constitutes the offense.

The evidence shows that the certificate as required under article 1743 was never made out or delivered to the county judge or county clerk.

If the officers and managers of this election precinct failed to make the certificate which constitutes the "return," and if they sent up only certain papers that were to accompany the returns, can they be guilty of knowingly and unlawfully making or consenting to a false return, when in fact they have made no return at all?

The word "make" implies action, producing the result, and that result is a certificate, three times made, declaring in each paper the total votes at the box and the separate vote of each candidate, and is to be signed by each and every one of them.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellants were charged with making false election returns in regard to the number of votes given in the race for district judge in Travis County, between F. G. Morris and A. S. Walker. Upon their conviction they were fined in the sum of $100 each.

The evidence shows, without conflict, that appellants were officers of the election and returned the poll lists and tally sheets, but did not make out the returns in triplicate form, as required by article 1743, Revised Statutes, which reads as follows: "When the ballots have all been counted, the managers of the election in person shall make out triplicate returns of the same, certified to be correct, and signed by them officially, showing, first, the total number of votes polled at such box; second, the number polled for each candidate, one of which returns, together with poll lists and tally lists, shall be sealed up in an envelope and delivered by one of the managers of election to the county judge of the county; another of said returns, together with poll lists and tally lists, shall be delivered by one of the managers of election to the clerk of the county court of the county, to be kept by him in his office open to inspection by the public for twelve months from the day of election; and the other of said returns, poll and tally lists shall be kept by the presiding officer of the election for twelve months from the day of election." As before stated, the evidence shows, without contradiction, that only the poll lists and tally lists were returned; that the county clerk had failed to furnish them the necessary blanks and forms for making out the returns mentioned in the statute; that these blanks and forms were sent to the officers of the election subsequent to the sending up of the poll lists and tally lists, but were not used by them, because they thought it was too late. Article 157, Penal Code, provides: "If any manager, judge, or clerk of an election shall knowingly make or consent to any false entry on the list of voters, or put into the ballot box, or permit to be put in, any ballot not given by a voter, or take out of such box, or permit to be taken out, any ballot deposited therein, except in the manner prescribed by law, or change any ballot given by an elector, or make any false return as to the number of votes given for or against any particular candidate, the person so offending shall be punished by fine not less than one hundred nor more than one thousand dollars." The evidence tends to show that there were erroneous entries made on the poll lists and tally lists, but it incontrovertibly shows that the false returns specified by the Civil Statutes were not made at all. In order for a person to be guilty under this article of the Penal Code, there must be a return, as provided by the Civil Statutes, and this return must be false, and it must be knowingly false. Under the facts of this case, if there was a violation of the law in regard to the returns, it would be under article 184 of the Penal Code, which imposes a penalty for the willful neglect of any duty enjoined by the statute. A person can not be punished for falsely doing a thing that he did not do; he must do the act first, and then the act must be done so as to bring it within the definition of the statute pronouncing the punishment.

The evidence does not sustain the conviction, wherefore the judgment is reversed and the cause remanded.

*Reversed and remanded.*